IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARLETTE D. FORMAN

        Plaintiff,

    v.

AVON PRODUCTS, INC.

        Defendant.

No.

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Darlette D. Forman files this Complaint against Defendant Avon Products, Inc., and in support thereof avers as follows:

### Jurisdiction and Venue

1.     The jurisdiction of this Court is based upon 28 U. S. C. §1331, in that this Court has original jurisdiction over Counts I and II of Plaintiff's Complaint which are based upon laws of the United States of America, the Family and Medical Leave Act ("FMLA"), 29 U. S. C. §2601; and the Americans with Disabilities Act, 42 U.S.C. §12101, ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA").  This Court has supplemental jurisdiction over Count III which arises under the common law of the Commonwealth of Pennsylvania.

2.     Plaintiff requests a trial by jury of the claims raised herein.

3.     Venue is appropriate in this Court pursuant to 28 U. S. C. §1392(b) in that Defendant has ongoing business operations in this District and the events giving rise to the claim occurred in this District.

4.     The amount in controversy exceeds $150,000.00 over Plaintiff's lifetime, exclusive of interest and costs.

5.     Plaintiff has complied with the applicable administrative remedies by first filing a Charge with the Equal Employment Opportunity Commission ("EEOC") on June 15, 2016, Charge no. 530-2016-03274 (*See* Exhibit "A"), and simultaneously filing a Complaint with the Pennsylvania Human Relations Commission ("PHRC") (Case number unknown).

6.     On September 27, 2016, the EEOC issued a Dismissal and Notice of Suit Rights. The EEOC's issuance of Dismissal and Notice of Suit Rights permits Plaintiff to file her ADA claims in this action. (*See* Exhibit "B").

7.     Plaintiff intends to amend this Complaint to add a cause of action under the Pennsylvania Human Relations Act, 43 P. S. §955(a) ("PHRA"), upon receipt of appropriate authority from the PHRC.

## Parties

8.     Plaintiff Darlette D. Forman ("Forman") is a 57-year-old female who resides at 1512 E. Washington Lane, Philadelphia, PA 19138.

9.     Defendant Avon Products, Inc. ("Avon") is a New York corporation, authorized to do business in the Commonwealth of Pennsylvania with a principal place of business located at 6000 North Broad Street, Philadelphia, PA 19141.

10.     At all times relevant hereto, Defendant Avon was acting through its agents, servants and employees, who were acting within the scope of their authority, in the course of their employment and under the direct control of Defendant.

## Factual Background

11.     In November 1988, Plaintiff Forman began working for Defendant Avon.

12.    Plaintiff Forman was continuously employed by Defendant Avon for over 27 consecutive years until her employment was terminated on May 9, 2016.

13.    As of May 9, 2016, Plaintiff Forman earned an annual salary of $65,958.62, plus employer-sponsored benefits, including a pension benefit (based in part on her number of years of service to Avon) and a company paid vehicle.

14.    Defendant Avon is a publicly traded company that manufactures and markets cosmetics and beauty related products. Avon has in excess of 3200 employees and over $5 billion in annual revenue.

15.    Plaintiff Forman was last employed by Defendant Avon as a District Sales Manager of District #2984 in the Pinnacle Division. Forman was assigned to a territory in Philadelphia, PA and she was responsible for 400 Avon sales representatives.

16.    Throughout Plaintiff Forman's career at Avon she received positive performance appraisals.

**A.    <u>Plaintiff's Thyroid Condition</u>**

17.    In September 2015, Plaintiff Forman developed a serious health condition involving nodules on her thyroid, which affected her glands for which she was hospitalized and required treatment in both September and October 2015.

18.    Plaintiff Forman was advised that the nodules on her thyroid were potentially cancerous.

19.    Plaintiff Forman's thyroid condition substantially limited major life activities including the ability to work, swallow, eat and sing.

20.    Shortly after the thyroid problem was diagnosed, Plaintiff Forman discussed her medical condition with her direct supervisor, Joan Thomas ("Thomas"), Avon Division Sales

Manager, at a seminar for Avon representatives conducted at the Holiday Inn on Packer Avenue in Philadelphia, PA.

21.     On January 25, 2016, Plaintiff Forman was admitted to the Abington Memorial Hospital emergency room with chest and neck pressure; she was released the following day.

**B.      Plaintiff's FMLA Leave**

22.     At the direction of Plaintiff Forman's treating physician, shortly after the hospitalization, Forman applied for leave from work under the FMLA for anxiety and the imminent need for thyroid surgery.

23.     Defendant Avon approved the FMLA leave, which officially commenced on February 23, 2016, with a return to work date of May 16, 2016.

24.     Plaintiff Forman previously had taken a medical leave three years earlier during the period February 15, 2013-May 15, 2013, as a result of an ankle fracture.

25.     On March 18, 2016, Plaintiff Forman had thyroid surgery.

26.     If Plaintiff Forman had not had thyroid surgery, she would have continued to be substantially limited in her ability to work, swallow, eat and sing.

25.     While Plaintiff Forman was out of work on FMLA leave, on numerous occasions Forman was contacted by telephone Defendant Avon regarding business matters, including payment of bills and resolving issues regarding Avon representatives who reported to Forman.

27.     At no time during any of these telephone calls was Plaintiff Forman advised that she had any work performance issues.

28.     On April 15, 2016, Defendant Avon wrote to Plaintiff Forman and advised Forman that her FMLA leave entitlement would expire on May 16, 2016, and that if she was

released to work on or before May 16, 2016, she would be returned to her position as District Manager.

29.    On April 26, 2016, Plaintiff Forman advised Defendant Avon that she would be able to return to work on May 9, 2016, and Forman provided a certification from her treating physician confirming her return to work.

### C.    The Termination of Plaintiff's Employment

30.    Plaintiff Forman contacted Avon Division Sales Manager Thomas, advising Thomas of her return-to-work date and asking if the Division's typical Monday group conference call ("Group Conference Call") would be taking place on Monday, May 9, 2016.

31.    Division Sales Manager Thomas confirmed that Plaintiff Forman should join in on the Group Conference Call, and on the morning of May 9, 2016, Forman participated in a one-hour and ten-minute Group Conference Call with other District Managers and Thomas.

32.    During the Group Conference Call, Division Sales Manager Thomas spoke about personal shoppers acting as customer representatives and confirmed that this procedure was acceptable.

33.    Following the District Sales Manager call, at 10:35 a.m. on May 9, 2016, Plaintiff Forman was placed on a conference call with Division Sales Manager Thomas and a Human Resources Representative ("HR Conference Call"), at which time Forman was asked questions concerning three matters.

34.    Prior to the HR Conference Call, during Plaintiff Forman's 27-year career at Avon she had never received any formal written warnings regarding work performance or violation of Avon policies.

35.     During the call Plaintiff Forman was asked to confirm that she had paid for Avon supply orders for certain sales representatives from the North Philadelphia area, who worked under Forman.  Forman confirmed that she had, in fact, paid for the orders on her personal bank-issued debit card after the representatives had paid Forman for the orders.

36.     Plaintiff Forman explained that orders for certain sales representatives were handled in that manner because many of the Avon representatives were very low-income individuals who did not have checking accounts through which they could directly pay Avon for products; and others did not have computer knowledge. Forman had followed this debit card and/or check-reimbursement procedure in the same manner for nearly 20 years and she had never been advised that the procedure violated Avon policy.

37.     Plaintiff Forman believes that other District Managers in low-income areas also followed the same procedure for representatives who did not have bank accounts.

38.     During the HR Conference Call Plaintiff Forman was also asked about a new sales representative who Forman was training in the field, Thonwanda K. Thompson, who is no longer an active Avon Representative. Forman was asked if she had given Thompson a recruit to advance her team that she did not earn, or did not recruit herself. Forman replied that she was told by her supervisor and understood Avon policy to allow a District Manager to provide a representative in training with a District Manager with all leads for a training day, provided that the representative was present in the field training.

39.     During the HR Conference Call Plaintiff Forman was also asked about a personal Avon account used by her daughter, Lexus Forman, who resides at Forman's residence and it appeared that Avon had an issue with Lexus Forman being appointed a non-leadership Avon Representative because she lived in the same household. Forman was not aware of a policy

6

prohibiting such an appointment, provided that a leadership representative position was not involved.

40.     Immediately thereafter, Plaintiff Forman was advised that her employment was terminated.

41.     Plaintiff Forman was not aware that any of the matters that were questioned during the HR Conference Call were a violation of Avon policy.

42.     In terminating Plaintiff Forman's employment, Defendant Avon failed to follow any progressive disciplinary policy.

43.     In terminating Plaintiff Forman's employment, Defendant Avon had a discriminatory intent in taking action against an employee with a history of health issues, who needed to avail her of FMLA leave.

44.     Defendant Avon's proffered reason for the termination of Plaintiff Forman's employment is pretextual in that under the circumstances Forman did her best to comply with Avon's policies and the true motivation was retaliation for Forman availing herself of FMLA leave to take necessary time off from work.

45.     In terminating Plaintiff Forman's employment, Defendant Avon has discriminated against Forman based upon a known disability, regarded Forman as disabled and discriminated against Forman because she had a "record of a disability."

46.     Plaintiff Forman has incurred substantial damages as a consequence of Defendant Avon's conduct, including lost wages, loss of company subsidized health insurance benefits, loss of other company sponsored benefits, substantial pain and suffering and a loss of self-esteem, diminished reputation and other economic damages.

47.      Defendant Avon's actions were willful and outrageous in that its motives and conduct as set forth above were malicious, wanton, reckless and oppressive.

**D.      Avon's Actions Following the Termination of Forman's Employment**

48.      During the course of Plaintiff Forman's employment Forman was assigned to an Avon office located at 6000 North Broad Street, Philadelphia, PA 19141 ("the Avon Philadelphia Office").

49.      During the course of Plaintiff Forman's employment Forman had to arrange for internet service at the Avon Philadelphia Office.

50.      Internet service at the Philadelphia office was provided by Comcast and the monthly invoice was directed to the attention of Plaintiff Forman.

51.      Comcast Invoices were addressed in Plaintiff Forman's name even though Avon was listed as being responsible when the service was secured; due to mail delivery issues at the Avon Philadelphia Office, the invoices were forwarded to Forman's home address.

52.      When Plaintiff Forman was on FMLA leave, she forwarded the Comcast invoices to Avon for payment but the invoices were not being timely paid which caused delinquency notices to be issued to Forman.

53.      Following the termination of Plaintiff Forman's employment Avon refused to directly pay and/or handle outstanding Comcast invoices for internet services, which caused Forman to devote substantial time to attempting to resolve the issue without compensation which caused Forman emotional distress.

54.      Following the termination of Plaintiff Forman's employment Comcast issued a series of notices to Forman indicating that Defendant Avon failed to pay monthly Comcast

invoices for internet services and Comcast also called Forman multiple times attempting to collect the delinquent balance.

55.    Comcast would not close the account in Plaintiff Forman's name until the balance was paid in full.

56.    On several occasions, Plaintiff Forman contacted Division Manager Thomas to have Avon handle the situation so that the delinquent Comcast balance was paid and Forman's name could be removed from the account.

57.    Despite Forman's requests to Division Manager Thomas, Avon did not address the situation and the outstanding balance lingered and increased and Division Manager Thomas advised Forman, Forman would need to pay the balance and then seek reimbursement.

58.    As of August 5, 2016, the total amount due to Comcast was $597.23; and Forman was left with no choice but to pay the invoice with her own funds and then attempt to seek reimbursement from Defendant Avon.

59.    After Plaintiff Forman made the payment from her own personal funds, Forman contacted Division Manager Thomas who said now that the payment had been made Avon would reimburse Forman through a manual expense report.

60.    Acting District Manger Debbie Wilson then informed Plaintiff Forman for the first time that the internet service had been cut off for non-payment and that Forman would have to come to Avon's Philadelphia office to pick up the Comcast equipment and take it back to Comcast.

61    On August 19, 2016, Plaintiff Forman picked up the equipment from the Avon office to take the equipment back to Comcast and have the account closed since the payment had been posted to the account.

62.    Comcast then advised Plaintiff Forman that it could not close the account without a four-digit code that was mailed to the Avon's Philadelphia Office.

63.    Plaintiff Forman had not requested the four-digit code and then found out for the first time that Division Manager Thomas called Comcast and requested the code.

64.    Despite following Avon's instructions, Plaintiff Forman still has not been reimbursed for the $597.23 that she had to advance.

65.    Following the termination of Plaintiff's Forman's employment Forman has had to devote approximately 12 hours of her time to attempting to resolve the delinquent Comcast invoices and return of equipment; and the matter remains unresolved.

## COUNT I

### VIOLATION OF FAMILY AND MEDICAL LEAVE ACT
### 29 U. S. C. §2601, et. seq.

66.    Paragraphs 1 to 65 are incorporated herein as if set forth in full.

67.    Plaintiff Forman was an eligible employee protected under the FMLA in that at the time she requested and was officially granted FMLA leave, she was continuously employed by Defendant Avon for at least 12 months during which time she worked at least 1,250 hours.

68.    At all times during and after Plaintiff Forman's employment Defendant Avon was/is an Employer subject to the FMLA in that it is engaged in commerce or in any industry or activity affecting commerce, and employed / employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the calendar years 2013 through 2016.

69.    Plaintiff Forman experienced a "serious health condition" as defined by the FMLA, which resulted in her being unable to work.

70.     Plaintiff Forman was entitled to a minimum of twelve workweeks of full time leave and/or intermittent leave totaling the equivalent of 12 weeks of full-time leave under the FMLA during any rolling twelve-month period.

71.     Plaintiff Forman notified Defendant Avon of the need to avail herself of FMLA leave.

72.     Defendant Avon interfered with Plaintiff Forman's FMLA rights by not reinstating Forman to the same or similar position at the end of her FMLA leave in violation of 29 U.S.C. §2614(a)(1).

73.     Upon Plaintiff Forman's return from FMLA leave, Plaintiff suffered an adverse employment action in the form of the termination of her employment.

74.     The adverse employment action was casually connected to Plaintiff's FMLA leave.

75.     Defendant Avon retaliated against Plaintiff Forman in violation of the FMLA by terminating her employment.

76.     Plaintiff Forman has sustained substantial damage as a result of Defendant Avon's conduct.

WHEREFORE, Plaintiff Darlette Forman requests that this Court enter judgment in her favor against Defendant Avon Products, Inc. and award Plaintiff monetary damages equal to the amount of wages, employment benefits and all other monetary losses sustained, interest, liquidated damages as defined by the Family and Medical Leave Act, reasonable attorneys' fees, reasonable expert witness fees, interest, costs, and any other relief which the court deems appropriate.

## COUNT II

### VIOLATION OF AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §12101, AS AMENDED BY THE ADA AMENDMENTS ACT OF 2008

77.    Paragraphs 1 to 76 are incorporated herein as if set forth in full.

78.    Plaintiff Forman had a disability under the ADA.

79.    Plaintiff Forman had a physical impairment that substantially limited one or more of their major life activities that limited her ability to work, swallow, eat and sing.

80.    Plaintiff Forman had a record of an impairment under the ADA.

81.    Defendant Avon regarded Plaintiff Forman as having an ADA impairment.

82.    Plaintiff Forman was qualified to perform the essential functions of her job, with or without reasonable accommodations.

83.    During Plaintiff Forman's employment she requested reasonable accommodation in the form of time off from work.

84.    Plaintiff Forman engaged in a protected activity under the ADA by requesting leave from work.

85.    Plaintiff Forman suffered an adverse employment action in the form of the termination of her employment because of her actual/perceived disabilities and/or in retaliation for requesting a reasonable accommodation.

86.    Defendant Avon's proffered reason(s) for the termination of Plaintiff Forman employment are pretexual and instead were motivated by Forman's known or perceived health problem; record of health conditions; and Plaintiff's requests for a reasonable accommodation.

87.    There is a causal link between the protected activity and the adverse employment action.

WHEREFORE, Plaintiff Darlette Forman requests that this Court enter judgment in her favor against Defendant Avon Products, Inc. and award Plaintiff all monetary damages available under the Americans with Disabilities Act, including monetary damages exceeding $150,000.00, interest compensatory damages, punitive damages, reasonable attorneys' fees, reasonable expert witness fees, interest, costs, and any other relief which the Court deems appropriate.

## COUNT III

### UNJUST ENRICHMENT

88.    Paragraphs 1 to 87 are incorporated herein as if set forth in full.

89.    Plaintiff Forman conveyed benefits to Defendant Avon in the form of securing and advancing payment for internet services at Avon's Philadelphia office.

90.    Defendant used the internet services and has failed to pay for the services which amount to $597.23.

91.    Following the termination of Plaintiff Forman's employment rather than agreeing to make all necessary arrangements to terminate the internet services and/or directly pay for the service, Defendant Avon did nothing despite several requests from Forman until Defendant eventually directed Plaintiff to make personally pay the delinquent invoices.

92.    Defendant Avon understood and appreciated the benefits conveyed by Plaintiff.

93.    Defendant Avon has accepted and retained the benefits.

94.    Plaintiff Forman is entitled to reimbursement of all funds that she advanced in paying the delinquent Comcast balance and the fair value of services that she provided to Defendant Avon in attempting to handle the matter following the termination of her employment which has amounted to approximately twelve hours of Forman's time.

95.     Under the circumstances it would be inequitable and unconscionable for Defendant Avon to retain the values of benefit without payment of fair value for the sum advanced and services provided.

WHEREFORE, Plaintiff Darlette Forman requests that this Court enter judgment in her favor against Defendant Avon Products, Inc. and award Plaintiff all monetary damages as a consequence of Defendant's unjust enrichment, including interest, costs, and any other relief which the Court deems appropriate.

Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike
Suite 205
Blue Bell, PA 19422
telephone: 267-470-4742
email: asa@aemploylaw.com

Dated: October 13, 2016

Attorney for Plaintiff Darlette Forman

14

# EXHIBIT "A"

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement

and other information before completing this form

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | |

**Pennsylvania Human Relations Commission**     **and EEOC**

*State or local Agency, if any*    S.S. No. | XXXXXXXXX

| NAME*(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| **Darlette D. Forman** | **267-470-4742 (my attorney, Andrew S. Abramson)** |

| STREET ADDRESS    CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|
| **1512 East Washington Lane, Philadelphia, PA 19138** | **1-2-1959** |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER EMPLOYEES | TELEPHONE *(Include Area Code)* |
|---|---|---|
| **Avon Products, Inc.** | **1000** | **800-367-2886** |

| STREET ADDRESS    CITY, STATE AND ZIP CODE | COUNTY **Borough of Manhattan** |
|---|---|
| **777 Third Avenue**    **New York, NY 10917** | |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| **Avon Products, Inc.** | **267-437-4207** |

| STREET ADDRESS    CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| **6000 North Broad Street**    **Philadelphia, PA 19141** | **Philadelphia** |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ AGE
☐ RETALIATION ☐ NATIONAL ORIGIN ☒ DISABILITY ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)    LATEST (ALL)
**5-9-2016**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**See Attachment "A."**

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

*X Darlette D. Forman*

I declare under penalty of perjury that the foregoing is true and correct.

*X Darlette D. Forman*

Date **6·14·16**    Charging Party (Signature)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

*Darlette D. Forman*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

## ATTACHMENT "A"

Charging Party Darlette D. Forman ("Forman") is a 57-year-old female. Forman began working for Respondent Avon Products, Inc. ("Avon") in November 1988 and she was continuously employed for over 27 consecutive years.  Avon is a beauty company, which has over $5 billion in annual revenue.  Forman was last employed as a District Sales Manager of District #2984 in the Pinnacle Division, assigned to a territory in Philadelphia and she was responsible for 400 Avon representatives. Forman maintained an office at 6000 North Broad Street, Philadelphia, PA 19141. As of May 9, 2016, the date on which Forman's employment was terminated, Forman earned an annual salary of $65,958.62, plus employer-sponsored benefits, including a pension benefit (based in part on her number of years of service to Avon) and a company vehicle. During her 27 plus year career at Avon, Forman was a good employee, who received positive performance appraisals.

In September 2015, Charging Party Forman developed a serious health issue involving nodules on her thyroid, which affected her glands and her ability to swallow, for which she was hospitalized and required treatment in both September and October 2015.  Shortly after the problem was diagnosed, Forman discussed her medical condition with her direct supervisor, Joan Thomas, Division Sales Manager, at a seminar for Avon representatives conducted at the Holiday Inn on Packer Avenue in Philadelphia, PA.

On January 25, 2016, Charging Party Forman was admitted to the Abington Memorial Hospital emergency room with chest and neck pressure; she was released the following day, January 26, 2016.  Thereafter, Forman applied for leave from work under the Family and Medical Leave Act ("FMLA") for anxiety and the imminent need for thyroid surgery. Avon approved the FMLA leave, which officially commenced on February 23, 2016, with a release return to work date of May 16, 2016. Forman had also taken a prior medical leave three years earlier during the period February 15, 2013-May 15, 2013, as a result of an ankle fractured in two places.

Forman had thyroid surgery on March 18, 2016. Forman was also approved for short-term disability benefits during the period of time in which she was out on FMLA leave. While Forman was out on FMLA leave, on numerous occasions she was contacted by Avon regarding business matters, including payment of bills and resolving issues regarding Avon representatives who reported to Forman. At no time during any of these telephone calls was Forman advised that she had any work performance issues.

On April 15, 2016, Avon wrote to Charging Party Forman and advised her that her FMLA leave entitlement would expire on May 16, 2016, and that if she was released to work on or before May 16, 2016, she would be returned to her position as District Manager. On April 26, 2016, Forman advised Avon that she would be able to return to work on May 9, 2016, and Forman provided a certification from her treating physician confirming her return to work.

Shortly thereafter, Charging Party Forman sent a text message to Joan Thomas, her supervisor, advising her of her return-to-work date and asking if a typical Monday conference call would be taking place on Monday, May 9, 2016. Thomas confirmed that Forman should join in on the conference call, and on the morning of May 9, 2016, Forman participated in a one-hour and ten-

minute conference call with other District Managers and Division Sales Manager Thomas. During the group conference call, Thomas spoke about personal shoppers acting as customer representatives and confirmed that this procedure was acceptable.

Following the District Sales Manager call, at 10:35 a.m. on May 9, 2016, Forman was placed on a conference call with Division Sales Manager Thomas and an HR representative, at which time Forman was asked questions concerning three matters. Immediately thereafter, Forman was advised that her employment was terminated. Forman was not aware that any of the matters that were questioned during the conference call were a violation of Avon policy.

During the call Forman was asked to confirm that she had paid for Avon supply orders for certain representatives from the North Philadelphia area, who worked under Forman. Forman confirmed that she had, in fact, paid for the orders on her personal bank-issued debit card after the representatives had paid Forman for the orders. Orders for these representatives were handled in that manner because many of the Avon representatives were very low-income individuals who did not have checking accounts through which they could directly pay Avon for products; and others did not have computer knowledge. Forman had followed this debit card and/or check-reimbursement procedure in the same manner for nearly 20 years and she had never been advised that the procedure violated Avon policy. Forman believes that other District Managers in low-income areas also followed the same procedure for representatives who did not have bank accounts.

During the conference call Forman was also asked about a new representative who Forman was training in the field, Thonwanda K. Thompson, who is no longer an active Avon Representative. Forman was asked if she had given Thompson a recruit to advance her team that she did not earn, or did not recruit herself. Forman replied that she was told by her supervisor and understood Avon policy to allow a District Manager to provide a representative in training with a District Manager with all leads for a training day, provided that the representative was present in the field training.

Forman was also asked during the call about a personal Avon account used by her daughter, Lexus Forman, who resides at Forman's residence and it appeared that Avon had an issue with Lexus Forman being appointed a non-leadership Avon Representative because she lived in the same household. Forman was not aware of a policy prohibiting such an appointment, provided that a leadership representative position was not involved.

Prior to the May 9, 2016 call, Forman never received any formal written warnings regarding work performance or violation of Avon policies. In addition, in terminating Charging Party Forman's employment, Respondent failed to follow any progressive disciplinary policy.

Respondent Avon's termination of Charging Party Forman's employment was pretextual and based on a desire to terminate an employee who had a disability and who had been granted FMLA leave. Consequently, in terminating Charging Party Forman's employment, Respondent Avon has discriminated against Forman based upon a known disability, regarded Forman as disabled, discriminated against Forman because she had a "record of a disability," and failed to provide a reasonable accommodation in the form of leave from work.  As such, Respondent's actions violate the Americans with Disabilities Act, 42 U. S. C. §12101 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), and the Pennsylvania Human Relations Act, 43 P. S. §955(a) ("PHRA").  In addition, Respondent's actions violate Charging Party Forman's rights under the FMLA.

RECEIVED
16 JUN 15 PM 1: 30
EEOC PHILADELPHIA
DISTRICT OFFICE

# EXHIBIT "B"

EEOC Form 161-B (11/09)

## U.S. Equal Employment Opportunity Commission

## Notice of Right to Sue (Issued on Request)

| To: | Darlette Forman<br>1512 East Washington Lane<br>Philadelphia, PA 19138 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2016-03274** | **Legal Unit,**<br>**Legal Technician** | **(215) 440-2828** |

*(See also the additional information enclosed with this form.)*

**Notice to the Person Aggrieved:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐   More than 180 days have passed since the filing of this charge.

☒   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**Spencer H. Lewis, Jr.,**
**District Director**

9/27/16

*(Date Mailed)*

cc:

| Human Resources Manager<br>AVON PRODUCTS INC<br>6000 North Broad Street<br>Philadelphia, PA 19141 | Andrew S. Abramson, Esq.<br>ABRAMSON EMPLOYMENT LAW, LLC<br>790 Penllyn Blue Bell Pike, Suite 205<br>Blue Bell, PA 19422 |
|---|---|