IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARLETTE D. FORMAN

    Plaintiff,

v.

AVON PRODUCTS, INC.

and

NEW AVON LLC

    Defendants

No. 16-cv-05410-RBS

JURY TRIAL DEMANDED

## FIRST AMENDED COMPLAINT

Plaintiff Darlette D. Forman files this First Amended Complaint against Defendants Avon Products, Inc. and New Avon LLC, and in support thereof avers as follows:

### Jurisdiction and Venue

1. The jurisdiction of this Court is based upon 28 U. S. C. §1331, in that this Court has original jurisdiction over Counts I and II of Plaintiff's Complaint which are based upon laws of the United States of America, the Family and Medical Leave Act ("FMLA"), 29 U. S. C. §2601; and the Americans with Disabilities Act, 42 U.S.C. §12101, ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"). This Court has supplemental jurisdiction over Count III which arises under the common law of the Commonwealth of Pennsylvania.

2. Plaintiff requests a trial by jury of the claims raised herein.

3. Venue is appropriate in this Court pursuant to 28 U. S. C. §1392(b) in that Defendants have ongoing business operations in this District and the events giving rise to the claim occurred in this District.

4. The amount in controversy exceeds $150,000.00 over Plaintiff's lifetime, exclusive of interest and costs.

5. Plaintiff has complied with the applicable administrative remedies by first filing a Charge with the Equal Employment Opportunity Commission ("EEOC") on June 15, 2016, Charge no. 530-2016-03274 (*See* Exhibit "A"), and simultaneously filing a Complaint with the Pennsylvania Human Relations Commission ("PHRC") (Case number unknown).

6. On September 27, 2016, the EEOC issued a Notice of Right to Sue that permits Plaintiff to file the ADA claim asserted in this action. (*See* Exhibit "B").

7. In the Notice of Right to Sue, the EEOC determined that that it was unlikely that the EEOC would be able to complete its administrative processing within 180 days of the filing of the Charge and that it was terminating processing of the Charge; thereby electing not to conduct any formal investigation or engage in any reconciliation process before issuing a Notice of Right to Sue.

8. Plaintiff intends to amend this Complaint to add a cause of action under the Pennsylvania Human Relations Act, 43 P. S. §955(a) ("PHRA"), upon receipt of appropriate authority from the PHRC.

**Parties**

9. Plaintiff Darlette D. Forman ("Forman") is a 58-year-old female who resides at 1512 E. Washington Lane, Philadelphia, PA 19138.

10. Defendant Avon Products, Inc. is a New York corporation, authorized to do business in the Commonwealth of Pennsylvania with a principal place of business located at Avon Products, Inc. Global Headquarters, 777 Third Avenue, New York, NY 10017. (*See*

2

Exhibit "C"). Avon Products Inc. is a publicly traded company that manufactures and markets cosmetics and beauty related products.

11. Defendant New Avon LLC, is a Delaware corporation, authorized to do business in the Commonwealth of Pennsylvania with a principal place of business located at 777 Third Avenue, New York, NY 10017. New Avon LLC is authorized to receive service of legal process at Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. (*See* Exhibit "D").

12. At all times, relevant hereto, Defendants were acting through its agents, servants and employees, who were acting within the scope of their authority, in the course of their employment and under the direct control of Defendants.

13. On October 14, 2016, Plaintiff Forman commenced this litigation by filing a Complaint naming Avon Products, Inc. as a Defendant (docket no.1). On January 9, 2017, Avon Products, Inc. filed a Motion to Dismiss (docket no. 6) asserting that Avon Products, Inc. was not Forman's employer at the time the alleged ADA and FMLA violations were committed and that Avon Products, Inc. is not otherwise legally responsible for the ADA and FMLA violations.

14. Plaintiff Forman is filing this First Amended Complaint pursuant to Fed. R. Civ. P. 15 (a)(1)(B) within 21 days after service of Defendant Avon Products, Inc.'s Motion to Dismiss, as authorized by Fed. R. Civ. P. 12(b).

## Factual Background

15. In November 1988, Plaintiff Forman began working for Defendant Avon Products, Inc.

16. Plaintiff Forman was continuously employed by entities selling and servicing Avon Products for over 27 consecutive years until her employment was terminated on May 9, 2016.

17. As of May 9, 2016, Plaintiff Forman earned an annual salary of $65,958.62, plus employer-sponsored benefits, including a pension benefit (based in part on her number of years of service) and a company paid vehicle.

18. Plaintiff Forman was last employed as a District Sales Manager of District #2984 in the Avon Pinnacle Division. Forman was assigned to a territory in Philadelphia, PA, operating an Avon office at 6000 North Broad Street, Philadelphia, PA 19141 where she was responsible for 400 Avon sales representatives.

19. Throughout Plaintiff Forman's career she received positive performance appraisals.

### A. Plaintiff's Thyroid Condition

20. In September 2015, Plaintiff Forman developed a serious health condition involving nodules on her thyroid, which affected her glands for which she was hospitalized and required treatment in both September and October 2015.

21. Plaintiff Forman was advised that the nodules on her thyroid were potentially cancerous.

22. Plaintiff Forman's thyroid condition substantially limited major life activities including the ability to work, swallow, eat and sing.

23. Shortly after the thyroid problem was diagnosed, Plaintiff Forman discussed her medical condition with her direct supervisor, Joan Thomas ("Thomas"), Avon Division Sales

Manager, at a seminar for Avon representatives conducted at the Holiday Inn on Packer Avenue in Philadelphia, PA.

24. On January 25, 2016, Plaintiff Forman was admitted to the Abington Memorial Hospital emergency room with chest and neck pressure; she was released the following day.

**B.     Plaintiff's FMLA Leave**

25. At the direction of Plaintiff Forman's treating physician, shortly after the hospitalization, Forman applied for leave from work under the FMLA for anxiety and the imminent need for thyroid surgery.

26. Plaintiff Forman's FMLA leave officially commenced on February 23, 2016, with a return to work date of May 16, 2016.

27. Plaintiff Forman previously had taken a medical leave three years earlier during the period February 15, 2013-May 15, 2013, as a result of an ankle fracture.

28. On March 18, 2016, Plaintiff Forman had thyroid surgery.

29 If Plaintiff Forman had not had thyroid surgery, she would have continued to be substantially limited in her ability to work, swallow, eat and sing.

30. While Plaintiff Forman was out of work on FMLA leave, on numerous occasions Forman was contacted by telephone regarding Avon business matters, including payment of bills and resolving issues regarding Avon representatives who reported to Forman.

31. At no time during any of the telephone calls was Plaintiff Forman advised that she had any work performance issues.

32. On April 15, 2016, Irene Dundon, R. N., an Occupational Health Nurse in Human Resources, forwarded a letter to Plaintiff Forman on letterhead with the name, "Avon" printed at the top of the letter, advising Forman that her FMLA leave entitlement would expire on May 16,

2016, and that if she was released to work on or before May 16, 2016, she would be returned to her position as District Manager; the letter was copied to Misty Lewis, HR Manager. (*See* Exhibit "E").

33. On April 26, 2016, Plaintiff Forman advised Irene Dundon that she would be able to return to work on May 9, 2016, and Forman provided a certification from her treating physician confirming her return to work. (*See* Exhibit "F").

### C. The Termination of Plaintiff's Employment

34. Plaintiff Forman also contacted Avon Division Sales Manager Thomas, advising Thomas of her return-to-work date and asking if the Division's typical Monday group conference call ("Group Conference Call") would be taking place on Monday, May 9, 2016.

35. Division Sales Manager Thomas confirmed that Plaintiff Forman should join in on the Group Conference Call, and on the morning of May 9, 2016, Forman participated in a one-hour and ten-minute Group Conference Call with other District Managers and Thomas.

36. During the Group Conference Call, Division Sales Manager Thomas spoke about personal shoppers acting as customer representatives and confirmed that this procedure was acceptable.

37. Following the District Sales Manager call, at 10:35 a.m. on May 9, 2016, Plaintiff Forman was placed on a conference call with Division Sales Manager Thomas and a Human Resources Representative ("HR Conference Call"), at which time Forman was asked questions concerning three matters.

38. Prior to the HR Conference Call, during Plaintiff Forman's 27-year career at Avon she had never received any formal written warnings regarding work performance or violation of Avon policies.

6

39. During the call, Plaintiff Forman was asked to confirm that she had paid for Avon supply orders for certain sales representatives from the North Philadelphia area, who worked under Forman. Forman confirmed that she had, in fact, paid for the orders on her personal bank-issued debit card after the representatives had paid Forman for the orders.

40. Plaintiff Forman explained that orders for certain sales representatives were handled in that manner because many of the Avon representatives were very low-income individuals who did not have checking accounts through which they could directly pay Avon for products; and others did not have computer knowledge. Forman had followed this debit card and/or check-reimbursement procedure in the same manner for nearly 20 years and she had never been advised that the procedure violated Avon policy.

41. Plaintiff Forman believes that other District Managers in low-income areas also followed the same procedure for representatives who did not have bank accounts.

42. During the HR Conference Call Plaintiff Forman was also asked about a new sales representative who Forman was training in the field, Thonwanda K. Thompson, who is no longer an active Avon Representative. Forman was asked if she had given Thompson a recruit to advance her team that she did not earn, or did not recruit herself. Forman replied that she was told by her supervisor and understood Avon policy to allow a District Manager to provide a representative in training with a District Manager with all leads for a training day, provided that the representative was present in the field training.

43. During the HR Conference Call Plaintiff Forman was also asked about a personal Avon account used by her daughter, Lexus Forman, who resides at Forman's residence and it appeared that Avon had an issue with Lexus Forman being appointed a non-leadership Avon Representative because she lived in the same household. Forman was not aware of a policy

prohibiting such an appointment, provided that a leadership representative position was not involved.

44. At the end of the May 19, 2016 conference call Plaintiff Forman was advised that her employment was terminated.

45. Plaintiff Forman was not aware that any of the matters that were questioned during the HR Conference Call were a violation of Avon policy.

46. A progressive disciplinary policy was not followed in terminating Plaintiff Forman's employment.

47. In terminating Plaintiff Forman's employment, there was a discriminatory intent in taking action against an employee with a history of health issues, who needed to avail herself of FMLA leave.

48. The proffered reason for the termination of Plaintiff Forman's employment is pretextual in that under the circumstances Forman did her best to comply with Avon's policies and the true motivation was retaliation for Forman availing herself of FMLA leave to take necessary time off from work.

49. Plaintiff Forman was discriminated against based upon a known disability, regarded Forman as disabled and discriminated against because she had a "record of a disability."

50. Plaintiff Forman has incurred substantial damages as a consequence of the termination of her employment including lost wages, loss of company subsidized health insurance benefits, loss of other company sponsored benefits, substantial pain and suffering and a loss of self-esteem, diminished reputation and other economic damages.

51. The motivation in terminating Plaintiff Forman's employment was willful and outrageous in that the conduct detailed above was malicious, wanton, reckless and oppressive.

### D. THE RELATIONSHIP BETWEEN AVON PRODUCTS, INC. AND NEW AVON LLC[1]

52. At no time prior to Plaintiff Forman's FMLA leave, during her FMLA leave or on the date on which Forman was advised that her employment was terminated did Forman receive any information that the identity of her employer had changed.

53. Prior to Plaintiff Forman's FMLA leave she reported to Joan Thomas, Avon Division Sales Manager; while out on leave and on the date that she returned, Forman continued to communicate with Division Sales Manager Thomas, as well as Misty Lewis, HR Manager.

54. Following the May 9, 2016 termination of Plaintiff's Forman's employment Forman received correspondence that indicates that her employer was Avon Products, Inc.

55. On May 13, 2016, Plaintiff Forman was retroactively notified that her short-term disability claim for the period February 23, 2016 through May 6, 2016 was approved by Metropolitan Life Insurance Company under a disability insurance policy provided by "Employer: AVON PRODUCTS, INC." (*See* Exhibit "G").

56. On May 24, 2016, Benefit Concepts advised Plaintiff Forman about her right to "continue your health care coverage in the Avon Products, Inc. group health plan" under COBRA. (*See* Exhibit "H").

---

[1] In its Memorandum of Law in Support of its Motion to Dismiss, Avon Products, Inc. claims that Avon Products, Inc. was not Forman's employer at the time the alleged violations of the ADA and FMLA were committed; and that it is not otherwise legally responsible for any of the causes of action at issue in this litigation and Avon did not terminate Plaintiff's employment (docket no. 6, p. 1). Avon Products, Inc. references public filings with the SEC, claiming "at the time of her termination on May 9, 2016, Plaintiff no longer worked for Avon, but instead, worked for a completely separately company called New Avon." (docket no. 6, p.9).

57. On May 25, 2016, Metropolitan Life Insurance Company advised Plaintiff Forman "(a)s the insurance carrier for your group life coverage, we understand that you have experienced a change of benefits provided through AVON PRODUCTS, INC" and that "effective 05/09/16 your life insurance benefits will end or be reduced." (See Exhibit "I").

58. On May 27, 2016, the Commonwealth of Pennsylvania Department of Labor and Industry Office of UC Benefits issued a Notice of Determination finding that Plaintiff Forman was eligible for unemployment compensation benefits based on a claim that indicates Forman's Employer was "AVON PRODUCTS, INC." (See Exhibit "J").

59. Upon information and belief, according to an Avon Products, Inc.'s United States Security and Exchange Commission's 8-K filing, on March 1, 2016, Avon Products Inc. transferred certain business operations to New Avon LLC. The transfer included the transfer of (i) assets primarily related to the Company's North America business (including approximately $100,000,000 of cash, subject to certain adjustments), (ii) certain assumed liabilities of the Company's North America business and (iii) the employees of the Company's North America business. In addition, the filing indicates that Avon Products, Inc. entered into certain agreements with New Avon, LLC under "Transition Services Agreements" that include Avon Products, Inc. and New Avon, LLC providing each other with certain services, including "sourcing and supply chain, treasury and financial shared services, human resources, technology, sales, legal and global packaging, for initial service periods of up to 24 months." In connection with the "Transition Services Agreements", as of March 1, 2016, Avon Products, Inc. expected to receive approximately $24 million from New Avon, LLC and to pay New Avon approximately $1 million, in each case, in fiscal year 2016. (See Exhibit "K"- item 2.01).[2]

---

[2] This documentation is also attached to Avon Product Inc.'s Motion to Dismiss (docket no. 6- Exhibit "D") and Motion for Judicial Notice (docket no. 7- Exhibit "C").

60. The March 1, 2016 SEC filing does not further detail the specifics of the "sourcing and supply chain, treasury and financial shared services, human resources, technology, sales, legal and global packaging, for initial service periods of up to 24 months"; and does not indicate which entity provides which services.

61. In a Corporate Disclosure Statement filed pursuant to Fed. R. Civ. P. 7.1. in the United States District Court for the Southern District of Ohio, Western Division, in Lucas v. New Avon LLC, no. 16-cv-01127-MRB-KLL (docket no. 11), New Avon LLC has represented that "Avon Products Inc. is a publicly held corporation owning more that 10 % of New Avon." (See Exhibit "L").

### E. Actions Following the Termination of Forman's Employment

62. During the course of Plaintiff Forman's employment Forman was assigned to an office located at 6000 North Broad Street, Philadelphia, PA 19141 ("the Philadelphia Office").

63. During the course of Plaintiff Forman's employment Forman had to arrange for internet service at the Philadelphia Office.

64. Internet service at the Philadelphia office was provided by Comcast and the monthly invoice was directed to the attention of Plaintiff Forman.

65. Comcast Invoices were addressed in Plaintiff Forman's name even though internal Comcast records reference Avon Products, Inc. as being responsible when the service was secured; due to mail delivery issues at the Avon Philadelphia Office, the invoices were forwarded to Forman's home address.

66. Comcast Invoices were not timely paid and an Invoice issued on March 6, 2016 shows a past due balance of $408.26 with a total balance due of $605.20 (*See* Exhibit "M").

67. When Plaintiff Forman was on FMLA leave, she forwarded the Comcast invoices to her supervisor, Division Manager Thomas, for payment but the invoices were not being timely paid which caused delinquency notices to be issued to Forman.

68. Following the termination of Plaintiff Forman's employment Comcast issued a series of notices to Forman indicating that the monthly Comcast invoices for internet services remained unpaid and Comcast also called Forman multiple times attempting to collect the delinquent balance.

69. Following the termination of Plaintiff Forman's employment there was a refusal to directly pay and/or handle outstanding Comcast invoices for internet services, which caused Forman to devote substantial time to attempting to resolve the issue without compensation which caused Forman emotional distress.

70. Comcast would not close the account in Plaintiff Forman's name until the balance was paid in full.

71. On several occasions, Plaintiff Forman contacted Division Manager Thomas to address the situation so that the delinquent Comcast balance was paid and Forman's name could be removed from the account.

72. Despite Forman's requests to Division Manager Thomas, the outstanding balance lingered and increased and Division Manager Thomas advised Forman that Forman would need to pay the balance and then seek reimbursement.

73. As of August 5, 2016, the total amount due to Comcast was $597.23; and Forman was left with no choice but to pay the invoice with her own funds and then attempt to seek reimbursement.

74. After Plaintiff Forman made the payment from her own personal funds, Forman contacted Division Manager Thomas who said now that the payment had been made Forman would be reimbursed by filing a manual expense report.

75. Acting District Manager Debbie Wilson then informed Plaintiff Forman for the first time that the internet service had been cut off for non-payment and that Forman would have to come to Avon's Philadelphia office to pick up the Comcast equipment and take it back to Comcast.

76. On August 19, 2016, Plaintiff Forman picked up the equipment from the Avon's Philadelphia office to take the equipment back to Comcast and have the account closed since the payment had been posted to the account.

77. Comcast then advised Plaintiff Forman that it could not close the account without a four-digit code that was mailed to the Avon's Philadelphia Office.

78. Plaintiff Forman had not requested the four-digit code and then found out for the first time that Division Manager Thomas called Comcast and requested the code.

79. Despite following Division Manager Thomas's instructions, Plaintiff Forman still has not been reimbursed for the $597.23 that she had to advance.

80. Following the termination of Plaintiff's Forman's employment Forman has had to devote approximately 12 hours of her time to attempting to resolve the delinquent Comcast invoices and return of equipment; and the matter remains unresolved.

## COUNT I

### VIOLATION OF FAMILY AND MEDICAL LEAVE ACT
### 29 U. S. C. §2601, et. seq.

81. Paragraphs 1 to 80 are incorporated herein as if set forth in full.

82. Plaintiff Forman was an eligible employee protected under the FMLA in that at the time she requested and was officially granted FMLA leave, she was continuously employed for at least 12 months during which time she worked at least 1,250 hours.

83. At all times during and after Plaintiff Forman's employment, her employer was/is an Employer subject to the FMLA in that it engaged in commerce or in any industry or activity affecting commerce, and employed / employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the calendar years 2013 through 2016.

84. Plaintiff Forman experienced a "serious health condition" as defined by the FMLA, which resulted in her being unable to work.

85. Plaintiff Forman was entitled to a minimum of twelve workweeks of full time leave and/or intermittent leave totaling the equivalent of 12 weeks of full-time leave under the FMLA during any rolling twelve-month period.

86. Plaintiff Forman notified her employer of the need to avail herself of FMLA leave.

87. Plaintiff Forman's employer interfered with her FMLA rights by not reinstating Forman to the same or similar position at the end of her FMLA leave in violation of 29 U.S.C. §2614(a)(1).

88. Upon Plaintiff Forman's return from FMLA leave, Plaintiff suffered an adverse employment action in the form of the termination of her employment.

89. The adverse employment action was casually connected to Plaintiff's FMLA leave.

90. Plaintiff Forman experienced retaliation in violation of the FMLA when her employment was terminated.

91. Successor liability exists under the FMLA when there is substantial continuity of the same business operations; use of the same offices and work forces, similarity of jobs and working conditions; similarity of supervisory personnel; similarity in machinery, equipment, and production methods; and similarity of products or services.

92. 29 CFR §825.107 provides that when a successor in interest acquires an employer an employee's FMLA entitlements are the same as if the employment was by the predecessor and successor were continuous employed by a single employer.

93. In the event that Avon Products, Inc. was not Forman's employer or legally responsible for the FMLA violations at the time the violations were committed, then New Avon LLC is liable for the violations.

94. Plaintiff Forman has sustained substantial damages as a consequence of the termination of her employment in violation of the FMLA.

WHEREFORE, Plaintiff Darlette Forman requests that this Court enter judgment in her favor against Defendants Avon Products, Inc. and New Avon LLC, and award Plaintiff monetary damages equal to the amount of wages, employment benefits and all other monetary losses sustained, including liquidated damages as defined by the Family and Medical Leave Act, reasonable attorneys' fees, reasonable expert witness fees, interest, costs, and any other relief which the court deems appropriate.

## COUNT II

### VIOLATION OF AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §12101, AS AMENDED BY THE ADA AMENDMENTS ACT OF 2008

95. Paragraphs 1 to 94 are incorporated herein as if set forth in full.

96. Plaintiff Forman had a disability under the ADA.

97. Plaintiff Forman had a physical impairment that substantially limited one or more of their major life activities that limited her ability to work, swallow, eat and sing.

98. Plaintiff Forman had a record of an impairment under the ADA.

99. Plaintiff Forman was regarded having an ADA impairment.

100. Plaintiff Forman was qualified to perform the essential functions of her job, with or without reasonable accommodations.

101. During Plaintiff Forman's employment she requested a reasonable accommodation in the form of time off from work.

102. Plaintiff Forman engaged in a protected activity under the ADA by requesting leave from work.

103. Plaintiff Forman suffered an adverse employment action in the form of the termination of her employment because of her actual/perceived disabilities and/or in retaliation for requesting a reasonable accommodation.

104. The proffered reason(s) for the termination of Plaintiff Forman's employment are pretextual and instead were motivated by Forman's known or perceived health problem; record of health conditions; and Forman's request for a reasonable accommodation.

105. There is a causal link between the protected activity and the adverse employment action.

106. Upon information and belief, following March 1, 2016, Avon related business operations in North America substantially continued in the same form, using the same offices, the same manufacturing plants; the same machinery, equipment, and methods of production; the same or substantially the same work force; the same or substantially the same supervisory personnel; and the same jobs existing under substantially the same working conditions.

107. As a successor in interest to Avon Products Inc., New Avon LLC is liable to Plaintiff Forman for violations of the ADA.

108. Similarity of interest exists between New Avon LLC and Avon Products, Inc. as the entities share a substantial identity.

109. Plaintiff Forman had no notice that could have caused her to ascertain the identity of New Avon LLC at the time the EEOC charge was filed.

110. New Avon LLC received adequate notice of the EEOC Charge through New Avon Products, Inc. which is located at the same address as New Avon LLC, 777 Third Avenue, New York, NY 10017.

111. New Avon LLC received adequate notice of the termination in processing of Plaintiff's Forman's EEOC Charge when the EEOC served the Notice at 6000 North Broad Street, Philadelphia PA (*See* Exhibit "B"); and when the Complaint filed in this action naming Avon Products Inc., was served at the Philadelphia address (*See* Exhibit "N").

112. As the EEOC elected not to conduct any formal investigation or engage in a reconciliation process before issuing a Notice of Right to Sue, New Avon LLC was not prejudiced by its not being formally named in the EEOC proceedings.[3]

113. Under the circumstances, Plaintiff Forman has exhausted administrative remedies as to New Avon LLC.

WHEREFORE, Plaintiff Darlette Forman requests that this Court enter judgment in her favor against Defendant Avon Products, Inc. and New Avon LLC, award Plaintiff all monetary

---

[3] In an abundance of caution as it is less than 300 days since Plaintiff Forman's employment terminated, following receipt of Avon Products Inc. Motion to Dismiss Forman filed a new EEOC Charge against New Avon LLC. (*See* Exhibit "O").

damages available under the Americans with Disabilities Act, including monetary damages exceeding $150,000.00, compensatory damages, punitive damages, reasonable attorneys' fees, reasonable expert witness fees, interest, costs, and any other relief which the Court deems appropriate.

## COUNT III

### UNJUST ENRICHMENT

114. Paragraphs 1 to 113 are incorporated herein as if set forth in full.

115. Plaintiff Forman conveyed benefits in the form of securing and advancing payment for internet services at Avon's Philadelphia office.

116. Both Defendants Avon Products Inc. and New Avon LLC used the internet services and have failed to pay for the services which amount to $597.23.

117. Following the termination of Plaintiff Forman's employment rather than agreeing to make all necessary arrangements to terminate the Comcast internet services and/or directly pay for the service neither Avon Products Inc. nor New Avon LLC have done so.

118. Despite several requests from Plaintiff Forman for the outstanding balance to be paid, Forman was directed to personally pay the delinquent invoices.

119. Defendants Avon Products Inc. and New Avon LLC understood and appreciated the benefits conveyed by Plaintiff Forman.

120. Defendants Avon Products Inc. and New Avon LLC accepted and retained the benefits.

121. Plaintiff Forman is entitled to reimbursement of all funds that she advanced in paying the delinquent Comcast balance and the fair value of services that she provided to Defendants Avon Products Inc. and New Avon LLC in attempting to handle the matter following

the termination of her employment which has amounted to approximately twelve hours of Forman's time.

122. Under the circumstances, it would be inequitable and unconscionable for Defendants Avon Products Inc. and New Avon LLC to retain the value of benefits without payment of fair value for the sum advanced and services provided.

WHEREFORE, Plaintiff Darlette Forman requests that this Court enter judgment in her favor against Defendant Avon Products, Inc. and New Avon LLC, and award Plaintiff all monetary damages sustained as a consequence of Defendants' unjust enrichment, including reimbursement, compensation for time devoted to the matter, interest, costs, and any other relief which the Court deems appropriate.

Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike
Suite 205
Blue Bell, PA 19422
telephone: 267-470-4742
email: asa@aemploylaw.com

Dated: January 19, 2017                                Attorney for Plaintiff Darlette Forman

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January 2017, a true and correct copy of the foregoing was served upon the below listed counsel for Avon Products Inc. via email:[4]

        Adam A. DeSipio, Esq.
            email: adam.desipio@dlapiper.com
        DLA Piper LLP (US)
        One Liberty Place
        1650 Market Street, Suite 4900
        Philadelphia, Pennsylvania 19103-7300

                            Andrew S. Abramson, Esq.

---

[4] Counsel for Avon Products, Inc. will also receive the First Amended Complaint through the ECF system; Defendant New Avon LLC will be served in accordance with Fed. R. Civ. P. 4.